Filed 6/23/15  P. v. Sams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C076204 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR87609) |
| v. | |
| TRAVIS WAYNE SAMS, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We shall modify the judgment and affirm as modified.

An information charged defendant Travis Wayne Sams with two counts of corporal punishment of a child resulting in a traumatic condition (counts 1 & 2; Pen. Code, § 273d, subd. (a)).[1]  The information alleged, as to both counts, that defendant had

---

[1] Undesignated statutory references are to the Penal Code.

1

a prior felony conviction for receiving stolen property (§ 496, subd. (a)), for which he had served a prison term (§ 667.5, subd. (b)).

Before jury trial, defendant admitted the prior as to each count. After trial, the jury convicted defendant on counts 1 and 2.

The evidence showed that on July 30, 2013, eight-year-old minor A.M. and his six-year-old brother J.Q., who lived with their mother and defendant in Red Bluff, California, were discovered by their father, J.Q., Sr., to be badly bruised on their buttocks and legs. J.Q., Sr., took the boys to the local Child Protective Services (CPS) office. A CPS worker called the police. The officer who responded to the call found the boys were severely bruised. They told the officer they had been beaten with a studded belt. At trial, A.M. and J.Q. testified that defendant beat them numerous times with the belt.

The trial court sentenced defendant to an aggregate term of five years (the middle term of four years on count 1, plus one year for the prior, with the same sentence on count 2, to run concurrent), to be served in a split sentence (§ 1170, subd. (h)(2))—three years in county jail followed by two years of mandatory supervision. The court awarded defendant 270 days of presentence custody credit (135 actual days and 135 conduct days). The court imposed a restitution fine of $600 (§ 1202.4, subd. (b)), a suspended post release community supervision revocation fine of $400 (§ 1202.45), a court operations assessment of $80 (§ 1465.8), and a criminal conviction assessment of $60 (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We conclude, however, that the trial court erred in selecting the amount of the post release community supervision revocation fine imposed under section 1202.45, subdivision (b). Specifically, the abstract of judgment shows the revocation fine imposed under section 1202.45 is $200 less than the restitution fine imposed under section 1202.4, subdivision (b). The Penal Code requires the revocation fine issued under section 1202.45 to match the restitution fine issued under section 1202.4. (Pen. Code, § 1202.45 subd. (b).) Accordingly, the section 1202.45 subdivision (b) fine must be increased from $400, to $600.

## DISPOSITION

The judgment is modified to raise the amount of the fine imposed under section 1202.45, subdivision (b), to $600. The judgment is affirmed as modified. The trial court is directed to prepare an amended abstract of judgment that shows the proper amount of the fine, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                         RENNER                  , J.


We concur:


 HULL                         , Acting P. J.


 MAURO                 , J.

3